IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE JUAN GARCIA | § | |
| | § | |
| v. | § | C.A. NO. C-08-329 |
| | § | |
| NATHANIEL QUARTERMAN[1] | § | |

**MEMORANDUM AND RECOMMENDATION
TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is a state prisoner currently incarcerated at the Sanders Estes Unit in Venus, Texas. On October 8, 2008, he filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging respondent's failure to grant him mandatory supervised release. (D.E. 1). On February 11, 2009, respondent filed a motion for summary judgment. (D.E. 21). On April 15, 2009, petitioner filed a response in opposition. (D.E. 25). For the reasons stated herein, it is respectfully recommended that respondent's amended motion for summary judgment be granted and the petition be dismissed with prejudice.

---

[1] As Director of the Texas Department of Criminal Justice - Correctional Institutions Division, Nathaniel Quarterman is the proper respondent in this habeas action. Braden v. 30th Judicial Cir. Ct of Ky., 410 U.S. 484, 494-95 (1973) (citing Wales v. Whitney, 114 U.S. 564, 574 (1885)); Mounce v. Knighten, 503 F.2d 967, 969 (5th Cir. 1974) (per curiam); West v. Louisiana, 478 F.2d 1026, 1029 n.1 (5th Cir. 1973) (citing Wales); see also Rule 2(a) of the Rules Governing Section 2254 Cases ("If the petitioner is currently in custody under a state court judgment, the petition must name as respondent the state officer who has custody.")

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined or where the conviction was obtained. Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2002). Petitioner was convicted in the 105th Judicial District Court of Nueces County, Texas. Jurisdiction is therefore proper in this Court.

## II. BACKGROUND

Respondent has lawful custody of petitioner pursuant to a judgment and sentence of the 105th Judicial District Court of Nueces County, Texas, in cause numbers 03-CR-90-D (possession of cocaine) and 02-CR-3493-D (possession of cocaine). See Ex parte Garcia, App. No. 60,691-03, at Clerk's Summary Sheet; Ex parte Garcia, App. No. 60,691-01, at Clerk's Summary Sheet. In this action, petitioner is not challenging his state convictions, but rather respondent's failure to grant him mandatory supervised release. (D.E. 1, at 7). Petitioner alleges that he is entitled to release on mandatory supervision because he has met all the requirements for supervised release. Id.; (D.E. 2, at 2).

Petitioner has filed three prior applications for state writ of habeas corpus. He filed a petition concerning his felony conviction for possession of cocaine and

asserting that TDCJ-ID was not properly crediting him for time spent in a substance abuse punishment facility on December 10, 2004. Ex parte Garcia, App. No. 60,691-01, at 2. He filed a petition raising the same claim with regard to his state jail felony conviction for possession of cocaine on December 15, 2004. Ex parte Garcia, App No. 60,691-02, at 2. Both applications were dismissed without written order on June 8, 2005. Ex parte Garcia, App. No. 60,691-01, at cover; Ex parte Garcia, App. No. 60,691-02, at cover.

Petitioner filed an application asserting that he was entitled to mandatory supervised release on March 6, 2008. Ex parte Garcia, App. No. 60,691-03, at 2. He claimed that he had met all requirements for mandatory supervision. Id. at 7. The application was denied without written order on July 16, 2008. Id. at cover.

Petitioner timely filed this petition on October 8, 2008, challenging the State's failure to grant him mandatory supervised release. (D.E. 1).

### III. EXHAUSTION OF STATE REMEDIES

Respondent concedes that petitioner has exhausted his state remedies with respect to the Texas Board of Pardons and Parole's ("Board") January 23, 2008 decision denying him release on mandatory supervision. (D.E. 21, at 3). However, insofar as petitioner seeks to challenge the Board's December 2, 2008 decision to deny him mandatory supervised release, respondent contends that such a claim is

unexhausted. Id. Petitioner seeks relief pursuant to 28 U.S.C. § 2254, and was therefore required to exhaust all of his claims before filing this federal habeas petition. 28 U.S.C. § 2254(b)(1); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999) (citation omitted). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. See O'Sullivan v. Boerckel, 526 U.S. 838, 842-48 (1999) (citations omitted); Fisher, 169 F.3d at 302 (citation omitted). The federal petition was filed on October 8, 2008, two months before the December 2, 2008 Board decision. Accordingly, it is respectfully recommended that insofar as petitioner challenges the December 2, 2008 denial of mandatory supervised release, his claim is unexhausted.

Petitioner asserts that he is not required to exhaust his administrative remedies because he is not seeking release on mandatory supervision, but is merely seeking a new hearing. (D.E. 25, at 2). The Fifth Circuit, considering the question of whether a prisoner may merely seek a new parole or habeas hearing in Carson v. Johnson, concluded that "[i]f 'a favorable determination ... would not automatically entitle [the prisoner] to accelerated release' ... the proper vehicle is a § 1983 suit." 112 F.3d 818, 820-21 (5th Cir. 1997) (citation omitted). Thus, the Carson court held that a prisoner who asserted that reassignment from administrative segregation

would render him eligible for parole had a claim properly characterized as arising pursuant to § 1983 rather than a habeas petition. Id. at 821. Accordingly, it is respectfully recommended that insofar as petitioner merely seeks a new parole hearing, his claim is not cognizable in a habeas action but must be raised in a suit pursuant § 1983. It is therefore respectfully recommended that the petition be dismissed without prejudice.

## IV.  ANALYSIS

**A.   Summary Judgment Standard.**

The Fifth Circuit has explained that "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000) (citations omitted). Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986);

Williams v. Adams, 836 F.2d 958, 961 (5th Cir. 1988) (citations omitted). Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888-89 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986) (citations omitted); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted). The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (citations omitted). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (citation omitted).

**B.    Petitioner Fails To Raise A Constitutional Claim.**

Petitioner claims that the denial of supervised release violates his constitutional due process rights. "Federal habeas relief is available only if a

prisoner 'has been deprived of some right secured to him or her by the United States Constitution or by the laws of the United States.'"  Arnold, 306 F.3d at 278 (citation omitted).  The Supreme Court has "recognize[d] that States may under certain circumstances create liberty interests which are protected by the Due Process Clause."  Sandin v. Conner, 515 U.S. 472, 483-84 (1995) (citation omitted).  The Fifth Circuit has noted that "these interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner."  Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997).

The Fifth Circuit has determined that prior to September 1, 1996, the Texas mandatory supervision program created a constitutional expectancy of early release.  Malchi, 211 F.3d at 957-58.  However, petitioner is serving a sentence for a conviction imposed after the amendment of the mandatory supervision statute.  See Ex parte Garcia, App. No. 60,691-03, at Clerk's Summary Sheet.  The Fifth Circuit has determined that under this post-September 1, 1996 scheme, "mandatory supervision ... is mandatory in large part, but also discretionary in small part."  Teague, 482 F.3d at 775 (citing Greenholtz v. Inmates of the Neb. Penal & Corr. Complex, 442 U.S. 1, 13 (1976)).  Respondent does not dispute that petitioner was entitled to due process pursuant to the post-1996 mandatory supervised release

statute, but rather asserts that he received all process which was due. (D.E. 25, at 13). Petitioner was informed on October 29, 2007, that the initial review of his release on mandatory supervision would take place within thirty days of his projected release date of February 18, 2008. (D.E. 25, Ex. A, at 23). He was informed that he would have the opportunity to submit additional information to the Board, and that he would need to do so before January 4, 2008. Id. The Board denied petitioner release on January 23, 2008, taking into account his work as a janitor and participation in other programs, as well as disciplinary infractions which had taken place prior to review. Id. at 22. Petitioner was given reasons for the denial of release, including his poor potential for rehabilitation, the finding that he would endanger the public, and his poor release history. (D.E. 25, at 5); (D.E. 21, at 15). He does not challenge the process, but merely asserts that he has met all the requirements to be granted mandatory supervised release, and the Board's decision is not supported by evidence. (D.E. 25, at 6).

The Fifth Circuit recently upheld the denial of habeas relief to a petitioner on due process grounds, explaining that the Board is not required to "specify the particular 'evidence' in the inmate's file or at his interview on which it rests the discretionary determination that an inmate is not ready for conditional release." Boss v. Quarterman, 552 F.3d 425, 429 (5th Cir. 2008) (emphasis added) (quoting

Greenholtz v. Inmates of the Neb. Corr. and Pen. Compl., 442 U.S. 1, 15 (1979). Accordingly, the Boss court concluded that the requirement of Superintendent v. Hill, 472 U.S. 445 (1985), that some evidence support the decision, did not apply to the decision to deny mandatory supervised release pursuant to the post-1996 mandatory supervised release statute. Boss, 552 F.3d at 429. Accordingly, the Fifth Circuit found no violation of due process where the Board denied release based on the statutory reasons, without pointing to any particular evidence in the record for its decision. Id. Therefore, to the extent petitioner is claiming that the Board's decision to deny him mandatory supervised release is unsupported by evidence, it is respectfully recommended that his claim is without merit.

Petitioner also asserts that an amendment to Tex. Gov't Code § 508.141 deprives the Board of discretion in deciding whether to grant him mandatory supervised release. (D.E. 2, at 3). He claims that § 508.141 now reads:

> that once an inmate has made arrangements for an inmate's employment or for the inmate's maintenance and care; the inmate is willing and able to fulfill the obligations of a law-abiding citizen; the inmate has completed any previous requirements imposed by the Parole Panel as a condition of release; and any applicable release date specified by the Parole Panel has been met; shall order or issue an order that releases an inmate.

Id. He asserts that this amendment was enacted on September 1, 2007. Id. The current enactment of the statute, however, provides merely that:

9

> A parole panel <u>may</u> release an inmate on parole <u>only when</u>: (1) arrangements have been made for the inmate's employment or for the inmate's maintenance and care; and (2) the parole panel believes that the inmate is able and willing to fulfill the obligations of a law-abiding citizen.

Tex. Gov't Code § 508.141(e) (emphasis added). Even if petitioner were correct, however, this amendment would not affect the outcome in his case. First, the statute by its terms applies to parole, not mandatory supervised release. Second, petitioner was sentenced on April 21, 2004, and is therefore subject to law in effect on that date, not the law in 2007. See Ex parte Garcia, App. No. 60,691-03, at Clerk's Summary Sheet. Finally, petitioner has produced no evidence that he meets the requirements of the amendment for release. Therefore, it is respectfully recommended that this claim is without merit.

Accordingly, it is respectfully recommended that the petition should be dismissed with prejudice.

## V. **CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability. A district court may

sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner

must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate the denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. <u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability.

## VI.  RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that petitioner's habeas petition, (D.E. 1), be dismissed with prejudice regarding the January 23, 2008 denial of mandatory supervised release.  It is further respectfully recommended that the petition be dismissed without prejudice insofar as it challenges the December 2, 2008 denial of mandatory supervised release.  Finally, it is respectfully recommended that petitioner be denied a certificate of appealability.

Respectfully submitted this 7th day of May 2009.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).